IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  14-cv-03371-REB-MEH

RALPH W. McVEY,

    Plaintiff,

v.

US BANK NATIONAL ASSOCIATION, as Trustee for CMALT REMIC 2007-A7-REMIC PASS THROUGH CERTIFICATES SERIES 2007-A7; and CITIMORTGAGE, INC.,

    Defendants.

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the joint unopposed motion to approve the proposed stipulated protective order of plaintiff Ralph W. McVey and defendants US Bank National Association and CitiMortgage, Inc.  After review of the motion, and being fully advised in the premises, the Court finds that a protective order is appropriate for the protection of Confidential Information (as hereafter defined), and further FINDS and ORDERS as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

The Parties have requested the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, audio files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in good faith in the manner provided in paragraph 3 below as containing: confidential and proprietary business information, trade secrets or personal financial information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to any interrogatory or request for admission; or

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty calendar days after receipt of the transcribed testimony.

    d. With respect to audio files, by including in the file name, the word "Confidential."

4. Except as expressly provided below, the Parties and their counsel shall not disclose Confidential Information to anyone and shall use such information only for

the purpose of this litigation and not for any business or other purpose whatsoever. For purposes of this litigation only, Confidential Information may be disclosed under the conditions identified below:

    a.    To personnel who are directly employed or contracted by counsel of record for either party, including, without limitation, copying services and database companies, provided that they maintain the confidentiality of the Confidential Information and that counsel of record shall be responsible for assuring their compliance with this Protective Order;

    b.    To experts or consultants provided such experts or consultants are first provided with a copy of this Protective Order and execute Exhibit A hereto;

    c.    To witnesses, but only to the extent reasonably necessary for development of the witness's testimony; any witness to whom Confidential Information is disclosed shall be advised of the existence and provided a copy of this Protective Order and shall be subject to its terms, whether or not that witness has signed the Acknowledgment and Agreement to Be Bound attached as Exhibit A; witnesses to whom Confidential Information is shown pursuant to this paragraph 4(c) shall not retain a copy of such Confidential Information;

    d.    To the court and its staff, but subject to the requirements of this Protective Order for filing Confidential Material under seal; and

    e.    To privately engaged stenographic reporters or videographers engaged for this litigation.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing to any other person, entity or government agency unless authorized to do so by court order.

6. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions the Court deems appropriate.

7. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation or by or on behalf of expert witnesses in this litigation who have signed an Acknowledgment and Agreement to Be Bound in the form of Exhibit A and such copies shall be made and used solely for purposes of this litigation.

8. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an

4

appropriate motion within ten (10) business days after notice requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

10. Use of Confidential Information in Court Proceedings. In the event Confidential Information is used in any court filing or proceeding in this action, including, but not limited to, its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action except by court order issued upon motion of the party seeking to restrict public access to the documents. Any motion requesting to restrict public access to documents shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v.*

*Hickey*, 767 F.2d 705, 708 (10th Cir. 1985), *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)) and D.C.COLO.LCivR 7.2(c).

11.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

12.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13.     Except as expressly provided below, upon termination of this litigation, including any appeals, each Party, through its counsel, shall within sixty (60) days return to the producing party or destroy all Confidential Information subject to this Protective Order, including without limitation all extracts or copies of Confidential Information. Counsel of record for the parties in this proceeding shall be permitted to retain a copy of any Confidential Information filed with the court or made part of any deposition or trial testimony in this matter, and as counsel otherwise determines is reasonably required to comply with its professional responsibility obligations.

14.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 17th day of June, 2015.

BY THE COURT:

S/ Michael E. Hegarty
United States Magistrate Judge

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.:  14-cv-03371-REB-MEH

RALPH W. McVEY,

    Plaintiff,

vs.

US BANK NATIONAL ASSOCIATION,
as Trustee for CMALT REMIC 2007-A7-REMIC
PASS THROUGH CERTIFICATES SERIES 2007-A7; and
CITIMORTGAGE, INC.,

    Defendants.

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I have read the Protective Order dated _____ in the above-captioned action and attached hereto, understand the terms thereof, and agree to be bound by its terms.  I submit to the jurisdiction of the United States District Court for the District of Colorado in matters relating to the Protective Order and understand that the terms of the Protective Order obligate me to use documents designated CONFIDENTIAL in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

I acknowledge that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

_____
Signature